IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR J. HAMES | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § Civil Action No: 3:12-cv-03883 |
| | § |
| SOUTHWEST TRADERS INC., DBA | § |
| YOUR DISTRIBUTION SOLUTION | § |
| INC. | § |
| | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff Arthur J. Hames (hereinafter "Plaintiff" or "Arthur Hames"), is an individual residing at 719 Hawthorne Drive, Cedar Hill, TX 75104.

2. Defendant Southwest Traders, Inc. dba Your Distribution Solution. Inc., (hereafter "Defendant" or "Southwest Traders"), is a corporation with its principal place of business located at 27711 Diaz Road #PODA, Temecula, CA 92590-3425, at all times relevant doing business in the Northern District of Texas. Defendant Southwest may be served through its registered agent for service of process in the State of Texas, Corporation Service Company dba CSC-Lawyers, Inc., 211 E. 7th Street, Ste. 620, Austin Texas 78701-3218.

### B. JURISDICTION

3. Plaintiff was sexually harassed on the job and once he reported the harassment he was terminated. Defendants conduct is in violation of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked by Plaintiff pursuant to 42 U.S.C. §2000(e) *et. seq.*

## C.     VENUE

4.     Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice about which Plaintiff complains was committed in Texas.

## D.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff files this Complaint within ninety (90) days after receiving notice of right to sue from the Equal Employment Opportunity Commission. A copy of the notice of right to sue is attached as Exhibit A.

## E.     FACTS

6.     Arthur Hames is 41 year old male who was employed as a driver by Southwest Traders located at 8900 Old Hickory Trail, Dallas TX 75237.

7.     During Mr. Hames employment, he was a loyal, dedicated and hardworking employee whose efficient service made a contribution towards Defendant's goals. Mr. Hames performed his job in a highly competent and professional manner. Mr. Hames enjoyed his job and envisioned a bright future and lengthy career with Southwest Traders.

8.     Beginning on May 5, 2012 through the end of his employment with Southwest Traders, Mr. Hames was sexually harassed by another employee, creating a hostile work environment.

9.     Pursuant to company policy, Mr. Hames reported the repeated incidents of harassment; however, the sexual harassment continued unabated with extremely offensive sexually harassing remarks.

10.     His first report went completely unheeded for reasons unknown. Mr. Hames continued to report the harassment up the chain of command; however, nothing was done to prevent the harassment. The harassment became so vulgar and extensive that Mr. Hames and the harasser became involved in a physical confrontation. Mr. Hames was suspended and terminated while

the harasser remains employed by Southwest Trader.

11.     Mr. Hames filed an EEOC complaint and an investigation was conducted by the EEOC. The EEOC found that Southwest Trader had violated Title VII.

### F.     COUNT 1 – SEXUAL HARASSMENT UNDER TITLE VII

12.     The allegations contained in Paragraphs 1-11 are incorporated herein by reference, the same as fully set forth verbatim.

13.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a natural person who was sexually harassed.

14.     Defendant is an employer within the meaning of Title VII.

15.     Prior to filing this lawsuit, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission. On July 18, 2012, the Equal Employment Opportunity Commission issued a Notice of Right to Sue.

16.     Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*

17.     Plaintiff was subjected to sexual harassment by a fellow worker creating a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief under said statute.

### G.     COUNT 2 – RETALIATION UNDER TITLE VII

18.     The allegations contained in Paragraphs 1-17 are incorporated herein by reference, the same as fully set forth verbatim.

19.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a natural person who was retaliated against.

20.     Defendant is an employer within the meaning of Title VII.

21. Prior to filing this lawsuit, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission. On July 18, 2012, the Equal Employment Opportunity Commission issued a Notice of Right to Sue.

22. Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*

23. Plaintiff was fired from his job in retaliation for reporting the sexual harassment. This retaliatory act is in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief under said statute.

### H.   RATIFICATION

24. The allegations contained in Paragraphs 1-23 are incorporated herein by reference, the same as fully set forth verbatim.

25. Plaintiff was injured by employees of Defendant.

26. The employees committed the sexual harassment and retaliation while working on behalf of Defendant.

27. Defendant approved the acts by word, conduct and acts by not doing anything to prevent the sexual harassment and allowing it to go on unabated even after they had full knowledge of the sexual harassment.

28. Clearly the Defendants approved of the employees actions and words because they gave validity to them by not doing anything to stop the harassment even though it was repeatedly reporter to Defendant.

### I.   DAMAGES

29. The allegations contained in Paragraphs 1-28 are incorporated herein by reference, the same as fully set forth verbatim.

30. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered injuries for which he seeks monetary compensation in the following non-exclusive areas:

   a. Judgment for past and future mental anguish, anxiety, emotional distress, humiliation, and injury to reputation;

   b. Punitive damages in an amount to be determined by the trier of fact;

   c. Judgment for actual damages in the amount of past and future back pay, loss of earnings and benefits, sick and/or annual leave and loss of earning capacity;

   d. Pre-judgment and post-judgment interest at the maximum legal rate;

   e. Reasonable attorneys' fees under Title VII, 42 U.S.C. §2000e-5(k); and,

   f. All costs of court.

## I. PLAINTIFF'S DEMAND FOR JURY TRIAL

31. Plaintiff asserts his right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be served with citation and process and that, upon trial of this matter, an award be ordered in favor of Plaintiff and against Defendant; that the Plaintiff recovers exemplary damages against the Defendant in an amount sufficient to punish and/or to deter and make an example of Defendant in order to prevent similar conduct in the future; and that an award also issue for reasonable and necessary attorneys' fees and expenses of litigation, court costs, pre-judgment and post-judgment interest, and any other general relief in law or in equity to which Plaintiff may be justly entitled.

Dated:  September 26, 2012.

        Respectfully submitted,

        LAW OFFICE OF MATTHEW BOBO, PLLC.


        /s/ Matthew W. Bobo
        **Matthew W. Bobo**
        State Bar No. 24006860

        3500 Hulen Street, Ste. 100
        Fort Worth, Texas  76107
        Telephone: (817) 529-0774
        Facsimile: (817) 698-9401
        mbobo@mwblawyer.com


        **ATTORNEY FOR THE PLAINTIFF**